**EMC CORPORATION, Plaintiff,**

v.

**PARALLEL IRON, LLC, Defendant.**

**Civil Action No. 12–11096–FDS.**

United States District Court,
D. Massachusetts.

Dec. 12, 2012.

Josef Bryks Schenker, Jesse J. Jenner, Ropes & Gray LLP, New York, NY, Samuel L. Brenner, Dalila A. Wendlandt, Ropes & Gray, Boston, MA, Krishnendu Gupta, EMC Corporation, Hopkinton, MA, Nicole M. Jantzi, Washington, DC, for Plaintiff.

Alexander C. Giza, Marc A. Fenster, Russ August & Kabat, Los Angeles, CA, Thomas E. Carlotto, Pawtucket, RI, for Defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

F. DENNIS SAYLOR IV, District Judge.

This is an action for a declaratory judgment that plaintiff EMC Corporation has not infringed three patents owned by defendant Parallel Iron, LLC. This is the second-filed of two suits between plaintiff and defendant concerning these three patents. One day before this suit was filed, Parallel Iron sued EMC for patent infringement in the United States District Court for the District of Delaware. EMC then filed a complaint in this Court seeking a declaratory judgment of non-infringement and/or invalidity. EMC is a Massachusetts corporation with a principal place of business in Hopkinton, Massachusetts.

Defendant has moved to dismiss this action, or in the alternative, to transfer the case to the District of Delaware, where its suit for patent infringement against plaintiff is already pending. Defendant contends that the "first-to-file" rule governs this case, and that the District of Delaware—as the court in which the dispute was initially filed—is the proper court to decide any dispute as to the proper venue for suit. Plaintiff opposes dismissal or

transfer, and contends that this Court should conduct its own analysis on where the suit should be heard. For the reasons set forth below, the Court will stay this action under the first-to-file rule to allow the Delaware court to determine any challenges to venue.

## I. Procedural Background

On June 18, 2012, Parallel Iron filed a complaint alleging patent infringement in the United States District Court for the District of Delaware. The complaint was one of several filed that same day by Parallel Iron in the District of Delaware against alleged patent infringers. Parallel Iron asserts that EMC is infringing three patents owned by Parallel Iron: U.S. Patent Nos. 7,197,662 ("the '662 patent"); 7,543,177 ("the '177 patent"); and 7,958,-388 ("the '388 patent").

On June 19—the next day—EMC filed a complaint for a declaratory judgment of non-infringement and invalidity in this Court. The case involves the same three patents, owned by Parallel Iron, that are at issue in the Delaware litigation. On August 17, defendant filed the motion to dismiss or transfer venue currently before the Court.

The case in the District of Delaware is one of several related cases before Judge Andrews of that court. EMC has filed an answer to the complaint, but has not made any motion for change of venue in that court.

## II. Legal Standard

Nearly two hundred years ago, the Supreme Court announced the "first-to-file" rule, a doctrine intended to promote judicial efficiency and to avoid duplicative litigation. As first announced, this rule required that, "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it."

*Smith v. McIver,* 22 U.S. 532, 535, 9 Wheat. 532, 6 L.Ed. 152 (1824). Since at least as far back as 1941, courts have applied the first-to-file rule in the context of duplicative patent cases. *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925 (3d Cir. 1941).

 While it is still the case that the first filed action is "generally preferred in a choice-of-venue decision," *Cianbro Corp. v. Curran–Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir.1987), the first-to-file rule is not to be applied in a mechanical way. *See, e.g., Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 189 F.2d 31, 34–35 (3d Cir.1951). Exceptions to the rule are not rare, *Micron Tech., Inc. v. Mosaid Tech., Inc.,* 518 F.3d 897, 904 (Fed.Cir.2008), and a district court has discretion to give preference to a later-filed action when that action will better serve the interests involved. *A123 Sys. v. Hydro–Quebec,* 657 F.Supp.2d 276, 279 (D.Mass.2009). There are at least two widely-recognized exceptions to the first-filed rule: where (1) there are "special circumstances" justifying a transfer, such as where a party engages in misleading conduct to win a "race to the courthouse"; or (2) the balance of convenience substantially favors the second-filed action. *TransCanada Power Mktg., Ltd. v. Narragansett Elec. Co.,* 402 F.Supp.2d 343, 347 (D.Mass.2005) (citations omitted); *Biolitec, Inc. v. AngioDynamics, Inc.,* 581 F.Supp.2d 152, 158 (D.Mass.2008).

## III. Analysis

The parties agree that the issues and parties involved in both lawsuits are identical, making this the type of suit to which the first-to-file rule normally would apply. EMC contends that two compelling exceptions warrant departure from the general rule: first, that the convenience factors under 28 U.S.C. § 1404 favor this district; and second, that Parallel Iron's suit in

Delaware is the result of forum shopping, a "special circumstance" that gives this Court broad discretion to decline to apply the rule.

### A. Convenience Factors

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Federal Circuit has stated that "convenience" factors under § 1404 can provide justification for departing for the general presumption in favor of the first-filed action. *Micron*, 518 F.3d at 904.[1]

Plaintiff essentially presents three reasons why those convenience factors favor litigating the case in this District. First, it contends that litigating the case here would be substantially more convenient for EMC, and only marginally less so for Parallel Iron. Plaintiff's places of business, witnesses, and documentary evidence are all here; defendant has not named any place of business, witness, or document present in Delaware. Second, plaintiff contends that the District of Massachusetts is the forum with the greatest local interest in adjudicating the controversy, due to the fact that EMC employs 8,000 people in the district. Third, plaintiff contends that there will be no additional burdens on the judiciary or the parties if the case stays in Massachusetts, because the Delaware suit is still in its early stages.

### B. Forum–Shopping Exception

■ District courts may also decline to apply the first-to-file rule when "special circumstances" warrant giving priority to the second suit. Such special circumstances include a situation in which a plaintiff has engaged in "forum shopping." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir.1991). Forum-shopping occurs "when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F.Supp. 1350, 1353 (S.D.N.Y.1992).

Plaintiff asserts that this exception applies in this case. Essentially, plaintiff contends that Parallel Iron has only become a Delaware company for purposes of litigation, and that this "manufactured presence" is evidence of forum-shopping. (Pl. Br. at 16). Plaintiff urges this Court to find that the Delaware forum has no relevance to the parties or the factual circumstances of the action, and that this provides the Court with a reason to give this suit priority. (*Id.*).

### C. Application of First–to–File Exceptions

■ It is clear that the disputes in this District and in Delaware are essentially identical. It is also clear that it would be duplicative and inefficient for both suits to go forward simultaneously. The question remains, however, which court is best suited to determine the appropriate forum in which to proceed. While plaintiff's arguments raise legitimate questions concerning the convenience and appropriateness of the District of Delaware as a venue, the

---

1. Courts in this District consider the following factors in determining the most appropriate forum under § 1404(a): (1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied, and (6) the state or public interests at stake. *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F.Supp.2d 12, 17 (D.Mass.2002).

Court is not convinced that this is the appropriate forum for raising these questions.

■ The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate. Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action. *See, e.g., Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir.1982) (holding that, as between two courts presented with duplicative litigation, the court in which the action was first filed "should be allowed to first decide issues of venue"); *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96 (9th Cir.1982) ("normally the forum non conveniens argument should be addressed to the court in the first-filed action"); *Tiber Labs., LLC v. Cypress Pharmaceuticals, Inc.,* 2007 WL 3216625, at *2 (N.D.Ga., May 11, 2007) ("Thus, once the court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed."). The First Circuit seems to have adopted this rationale as well, although it has not addressed the issue in the patent context. *See TPM Holdings v. Intra–Gold Indus.,* 91 F.3d 1, 4 (1st Cir.1996).

Plaintiff contends that the Federal Circuit has rejected this approach, and has held that "[i]nstead of ... automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a)." *Micron,* 518 F.3d at 904. In support of this argument, plaintiff cites a district court case for the proposition that the Federal Circuit "reject[ed] any categorical rule that the first-filed court is always the appropriate court to determine which case should proceed." *Sanofi–Aventis Deutschland GmbH v. Novo Nordisk, Inc.,* 614 F.Supp.2d 772, 775 (E.D.Tex.2009). Plaintiff argues that the Federal Circuit's decision in *Micron* is controlling here, and that it would be improper for this Court to defer to the Delaware court.

Defendant counters that the Federal Circuit has not addressed the question presented here, in *Micron* or in any other case. Defendant points to another district court case addressing the relevance of *Micron* to a second-filed court's analysis. In that case, the court stated:

> ... "*Micron* says nothing about which court should make that determination. Because *Micron's* holding was directed to the court hearing the first-filed action, the Federal Circuit did not consider the instant situation, in which the court in the second-filed action is asked to weigh the convenience factors. Under the procedural law of the Ninth Circuit, "normally [this issue] should be addressed to the court in the first-filed action ..." "

*Genentech, Inc. v. GlaxoSmithKline, LLC,* 2010 WL 4923954 (N.D.Cal. Dec. 1, 2010).

This Court finds the *Genentech* court's interpretation of *Micron* to be convincing. In *Micron,* the Federal Circuit reviewed a first-filed district court's decision. Accordingly, the analysis is addressed to the process by which a first-filed court should determine the appropriate forum, and the degree to which a categorical rule should be employed in favor of hearing the case in the first-filed court. It does not address the situation of a second-filed court confronted with a similar question. This Court believes that the Federal Circuit's decision is best understood as controlling how a first-filed court should apply the first-to-file rule, not which court is best positioned to conduct that analysis.

Indeed, a contrary reading of *Micron* is at odds with the basic principles of promoting judicial efficiency and avoiding duplicative litigation that underlie the first-to-file doctrine. If this Court were to conduct an independent analysis of the applicability of the exceptions to the first-to-file rule, its ruling would have no effect on the ongoing litigation in Delaware. Were the Court to find that the present case warrants an exception to the presumption in favor of the first-filed court, it would have no authority to reach out and grab the Delaware case. Instead, the likely result would be that plaintiff here would then move for a change of venue in the Delaware case, prompting an entirely duplicative round of briefing by the parties and analysis by the court. If the Delaware court were to conclude that Delaware is the appropriate forum, two lawsuits between identical parties concerning identical issues would then proceed simultaneously in separate courts. This is exactly the result that the first-to-file rule was intended to avoid, and the Court will not interpret *Micron*'s reasoning as encouraging such a result.

It is true that, to date, plaintiff has not filed a motion to transfer venue in the Delaware action. However, plaintiff's contentions—that the first-to-file rule should not apply because (1) Parallel Iron has engaged in forum-shopping and (2) the balance of convenience favors litigating the dispute in Massachusetts—would provide a basis for moving to transfer venue in that court. Such a motion would raise these arguments in the proper forum, and might well result in a transfer of the case to this District. If that decision is to be made, it should be made by the Delaware court. Accordingly, this Court will briefly stay the present action to allow plaintiff time to file a motion for transfer of venue in the Delaware action.

## IV. *Conclusion*

For the reasons stated above, the motion to dismiss or transfer is DENIED without prejudice to its renewal after February 12, 2013, in the event that no motion to transfer venue has been filed in the District Court for the District of Delaware before that time. The present action is STAYED until February 12, 2013. The Court will determine at a later date whether it is appropriate to continue the stay, or dismiss or transfer the case.

**So Ordered.**